ON REHEARING
PER CURIAM.
In our original opinion herein we determined that since the insurance policy issued by Ideal Mutual Insurance Company was not made a part of the record on appeal, there was a genuine issue of material fact as to whether or not third party plaintiff, Dr. Richard Hughes, was an insured under the policy. In their Joint Application For Rehearing both parties stipulate that the insurance policy was actually introduced into evidence at the trial court level and they request supplementation of the record in order for us to review this additional evidence. In the interest of judicial economy we grant the Joint Application For Rehearing for the- limited purpose of considering the Ideal Mutual Insurance Company policy. Our examination of the policy reveals that Community Physicians, Inc., a corporation with a Virginia address, is the named insured on the declarations page of the policy. However, Endorsement No. 1 of the policy lists additional named insureds and contains the following language:
“The named insured includes all affiliates and subsidiary companies now or hereinafter constituted and any medical facility, hospital, person or organization to whom the Named Insured is obligated by virtue of a written contract to provide insurance such as is afforded by this policy, but only with respect to operations performed by the Named Insured."
Thus, Endorsement No. 1 provides that a person to whom Community Physicians, Inc. is contractually obligated to provide insurance coverage, can be a named insured under the policy. In the instant case, it is not disputed that Community Physicians, Inc. was contractually obligated to insure Dr. Hughes for medical services he provided on its behalf. Therefore, he qualifies as a named insured by reason of the endorsement.
We find that Dr. Hughes was insured by Ideal Mutual Insurance Company at the time the alleged acts of medical malpractice occurred. Dr. Hughes has asserted that he is a Mississippi resident and that under Mississippi law, MIGA is the appropriate insurance guaranty association to provide coverage for this claim upon the insolvency of Ideal Mutual Insurance Company. Clearly, the trial court improperly resolved this matter when it granted summary judgment to MIGA. Accordingly, we conclude that our original opinion was correct in that MIGA has failed to prove entitlement to judgment as a matter of law. Summary judgment is hereby reversed and the matter is remanded for trial on the merits.
REVERSED AND REMANDED.